UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *In re* BAYCOL PRODUCTS LITIGATION | MDL NO. 1431 (MJD/SRN) |
| This Document Relates to: | **REPORT AND RECOMMENDATION** |
| *Lowell Roper, et al., v. Bayer Corp., et al.* (Plaintiff Lorenzo Anderson only) | Case No. 03-3140 |

Levi Boone, III and the Boone Law Firm, P.A., on behalf of Plaintiff Lorenzo Anderson

Susan A. Weber, Esq. and James W. Mizgala, Esq. on behalf of Defendant Bayer Corporation

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned Magistrate Judge of District Court on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Lorenzo Anderson [Doc. No. 124]. This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**I.   INTRODUCTION**

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Rule 37(B)(2)(C) and 37(d) of the Federal Rules of Civil Procedure for Plaintiff's failure to appear for his duly noted deposition on November 7, 2006 in Cleveland, Mississippi. Section I.A.2 of PTO 149 provides, in relevant part:

> d.   Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.
>
> e.   If a party or its counsel does not intend to appear for a deposition, counsel for that party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence. Absent a showing

>of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

On August 3, 2006, fully consistent with PTO 149, Defendant Bayer served a Notice of Deposition of Plaintiff Lorenzo Anderson upon Plaintiff's counsel of record to be taken on September 5, 2006 in the offices of Jacks Adams & Norquist in Cleveland, Mississippi. Plaintiff's counsel sent letters to Bayer's counsel on August 18 and 29, 2006 expressing displeasure with the deposition schedule. Bayer re-noticed Mr. Anderson's deposition for September 13, 2006 at the Boone Law Firm in Cleveland, Mississippi. On September 12, 2006, Plaintiff's counsel advised Bayer that they had been unable to contact Mr. Anderson to confirm his appearance at his deposition. Both Plaintiff's counsel and Bayer's counsel nonetheless appeared for the deposition. Plaintiff failed to attend.

A month later, on October 18, 2006, Bayer re-noticed Mr. Anderson's deposition for October 26, 2006. On October 23, Plaintiff's counsel notified Bayer that he was unable to attend the deposition on October 26. Finally, for the fourth time, Bayer re-noticed the deposition for November 7, 2006.

On November 7, 2006, the deposition proceeded as noticed. Although Plaintiff's counsel appeared, Plaintiff failed to appear. Plaintiff's counsel did contact Bayer's counsel by phone less than 24 hours before the deposition to advise that his client would agree to voluntarily dismiss his case although Bayer's counsel understood that Plaintiff wished to dismiss his case without prejudice. Fees for the court reporter's services totaled $75.00.

## II.     DISCUSSION

Defendant Bayer argues that Plaintiff has willfully violated PTO 149 which established

mandatory procedures for case-specific discovery and that Bayer is prejudiced by Plaintiff's failure to appear for his deposition. In order to adequately defend against his claim, Bayer argues that it is entitled to fundamental discovery regarding Plaintiff's use of Baycol, the nature, extent and potential causes of Plaintiff's alleged injuries and the extent of Plaintiff's alleged damages. Moreover, Bayer argues that Plaintiff's failure to appear for his deposition, which was noticed four times to accommodate him, demonstrates his lack of interest in this case and his abandonment of this claim and, accordingly seeks dismissal of the action. With respect to the court reporter's fees which were necessitated by the fact that Plaintiff's deposition was never cancelled or rescheduled, Bayer seeks reimbursement of those fees.

Plaintiff's counsel agrees to dismissal of Plaintiff's case but argues that an award of court reporter's fees is unwarranted because Plaintiff agreed to the dismissal of his claim orally, less than 24 hours before his deposition. Accordingly, Plaintiff requests that Bayer's motion be denied.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice. In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, (8th Cir. 2000) (citation omitted).

While the district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue. Id. (citations omitted). Before imposing dismissal, courts must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available. Id. (citations omitted). The Court notes that it has supported the imposition of such sanctions in prior Baycol matters. See Bougher, et al. v. Bayer Corp., Civ. No. 02-0914 (MJD/JGL), slip. op. at 2 (D. Minn. May 24, 2004).

In the present case, PTO 149 specifically and clearly calls for the dismissal of an action, if Plaintiff fails to appear for his or her deposition. Plaintiff does not dispute the dismissal of his case, nor does he argue for a dismissal without prejudice in his responsive memorandum.

Section I.A.2.e of PTO 149 provides that, absent a showing of good cause, counsel for a non-appearing party who fails to provide written notice to Bayer's counsel at least 24 hours before the noticed deposition that Plaintiff may not appear for his or her deposition will be liable for the fees of the court reporter. Plaintiff's counsel here clearly should have notified Bayer of his client's intent in writing well before the night preceding his deposition. PTO 149 places the burden on Plaintiff's counsel to demonstrate good cause to avoid liability for those fees. Plaintiff's counsel has failed to do so.

Based on all the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Lorenzo Anderson [Doc. No. 124] be GRANTED;

2. Plaintiff Lorenzo Anderson's action be DISMISSED WITH PREJUDICE; and

    3. Plaintiff's counsel be required to pay the sum of $75.00 to Bayer Corporation within 10 days of the District Court's Order should the District Court adopt this Report and Recommendation.

Dated: July 6, 2007

                s/ Susan Richard Nelson
                SUSAN RICHARD NELSON
                United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 23, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.